I am of opinion that the order appealed from cannot be sustained.
(1.) The order of 6th June, 1848, is defective, in omitting the names of two of the infant heirs — Parmelia and Joseph Effingham Hyatt. They are not embraced in the direction to convey. This is the only order there is among the papers, adjudging that the contract should be specifically performed. It is fatally defective in the particular mentioned.
(2.) The second petition was framed with a double aspect;i.e. either to carry the above mentioned order into effect, or as an original petition for specific performance. The first branch of it was the one which was pursued in the subsequent proceedings. A new deed was prepared, based upon the order of the 6th June; and it is this deed which the appellant was *Page 60 
ordered to receive, as an execution of the contract of sale. The deed was signed and executed by all the heirs, including the two infants, whose names are omitted in the order. The grant which they profess to make is void, because, being infants, they could not convey except according to an order made pursuant to the statute, and the order does not embrace them. In other respects the deed does not conform to the order. That requires theguardian ad litem to execute the deed in the name and behalf of the infants. It was not so done. The deed appears to have been executed and acknowledged by the infants themselves, though one of them was only about seven years old; and it contains in form personal covenants on their part. Mr. Mitchell, it is true, signed it, but it does not appear in what character.
If Seeley shall be compelled to accept this deed and pay the price of the land, he will not, I think, have a title to the shares of any of the infants, certainly not as to Parmelia and Joseph Effingham Hyatt.
The order of the 28th February, 1849, was a final order upon the second petition. The object of that petition was to bring Seeley into contempt for not performing the former decree. It was a special proceeding, originating in the second petition, and the order appealed from was a final order affecting a substantial right.
The order appealed from should be reversed, without prejudice to any other proceedings, by complaint or petition, which the administrator or heirs of Joseph R. Hyatt shall be advised to take.
Order appealed from reversed. *Page 61